IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

TERRIE J. ROUTH                                                    PLAINTIFF

vs.                             Civil No. 3:11-cv-03067

MICHAEL J. ASTRUE                                              DEFENDANT
Commissioner, Social Security Administration

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Terrie J. Routh ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the

Commissioner of the Social Security Administration ("SSA") denying her application for Disability

Insurance Benefits ("DIB"), Supplemental Security Income ("SSI") and a period of disability under Titles

II and XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable P. K. Holmes,

III, referred this case to the Honorable Barry A. Bryant for the purpose of making a report and

recommendation.  The Court, having reviewed the entire transcript and relevant briefing, recommends

the ALJ's determination be **REVERSED and REMANDED.**

1. Background:

Plaintiff filed her application for DIB on June 20, 2007 and for SSI on April 17, 2009.  (Tr. 62,

120).[1]  Plaintiff alleged she was disabled due to Graves disease, thyroid disease, pulmonary disease,

depression, and musculoskeletal impairments. (Tr. 169).  Plaintiff alleged an onset date of April 1, 2002.

---

[1] The docket numbers for this case are referenced by the designation "ECF No."  The transcript pages for this
case are referenced by the designation "Tr."

(Tr. 169).  These applications were initially denied and was denied again on reconsideration.  (Tr. 73-79).

On January 11, 2008, Plaintiff requested an administrative hearing on her applications.  (Tr. 80).  This hearing request was granted, and an administrative hearing was held on April 2, 2009 in Kingston, Arkansas.  (Tr. 16-56).  Plaintiff was present and was represented by counsel, Frederick Spencer at this hearing.  *See id.*  Plaintiff and Vocational Expert ("VE") John Massey testified at this hearing.  *See id.*  On the date of this hearing, Plaintiff was fifty (50) years old, which is defined as a "person closely approaching an advanced age" under 20 C.F.R. § 404.1563(d) (2008) and had an Associates Degree in Business.  (Tr. 22).

On August 20, 2009, the ALJ entered an unfavorable decision on Plaintiff's applications for DIB and SSI.  (Tr. 62-72).  In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since April 1, 2002.  (Tr. 64, Finding 2).  The ALJ determined Plaintiff had the severe impairments of Graves Disease, chronic obstructive pulmonary disease (COPD), left rotator cuff impingement, scoliosis, and pain disorder.  (Tr. 64, Finding 3).  The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 65, Finding 4).

In this decision, the ALJ indicated she evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC").  (Tr. 67-72, Finding 5).  First, the ALJ indicated she evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible.  (Tr. 67).  Second, the ALJ determined, based upon this review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC light work, as defined in 20 C.F.R. 404.1567(b) and 416.967(b), except she is limited to only occasionally reaching overhead with her left upper extremity; no more than frequent reaching in all other directions with her left upper

2

extremity and no more than occasional pushing and pulling with the left upper extremity.  (Tr. 67, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 72, Finding 6).  The ALJ found Plaintiff could perform her PRW as a quality control supervisor.  *Id.*  Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from April 1, 2002 through the date of the ALJ's decision. (Tr. 72, Finding 7).

On August 28, 2009, Plaintiff requested that the Appeals Council review the ALJ's decision.  (Tr. 110-113).  *See* 20 C.F.R. § 404.968.  On June 25, 2010, the Appeals Council declined to review the ALJ's decision.  (Tr. 7-11).  On August 4, 2011, Plaintiff filed the present appeal.  ECF No. 1.  Both parties have filed appeal briefs.  ECF Nos. 8, 9.  This case is now ready for decision.

## 2. <u>Applicable Law:</u>

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2008); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See id.; Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of

3

proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. Specifically, Plaintiff claims the ALJ erred (1) in her RFC

4

determination, (2) in her credibility determination of Plaintiff, and (3) in her treatment of Plaintiff's treating physician's opinions. ECF No. 8, Pages 13-20. In response, the Defendant argues the ALJ did not err in any of her findings. ECF No. 9.

After reviewing Plaintiff's argument in the briefing and the opinion by the ALJ, this Court finds the ALJ did not fully consider Plaintiff's subjective complaints as required by *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984). Thus, this Court will only address this issue.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler* or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not perform a proper *Polaski* analysis. While the ALJ indicated the factors from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 had been considered (Tr. 67), a review of the ALJ's opinion shows that instead of evaluating these factors and noting inconsistencies between Plaintiff's subjective complaints and the evidence in the record, the ALJ merely reviewed the medical records and recognized the proper legal standard for assessing credibility.[3] Other than mentioning some of Plaintiff's daily activities, the ALJ made no other specific findings regarding the inconsistencies between Plaintiff's claimed subjective complaints and the record evidence. The ALJ must make a specific credibility determination, articulate the reasons for discrediting the Plaintiff's testimony, and address any inconsistencies between the testimony and the record. The ALJ failed to perform this analysis.

This lack of analysis is insufficient under *Polaski*, and this case should be reversed and remanded for further consideration consistent with *Polaski*. Upon remand, the ALJ may still find Plaintiff not

---

[3] The ALJ also did not even specifically reference the *Polaski* factors which, although not required, is the preferred practice. *See Schultz v. Astrue,* 479 F.3d 979, 983 (8th Cir. 2007).

disabled, however a proper and complete analysis pursuant to *Polaski* should be performed.[4]

4. <u>Conclusion:</u>

      Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence.  Accordingly, this Court recommends this case be **REVERSED and REMANDED.**

      **The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

      **ENTERED this 17th day of September 2012.**

           /s/  Barry A. Bryant
           HON. BARRY A. BRYANT
           U. S. MAGISTRATE JUDGE

---

[4]Based on these findings, I do not find it necessary to reach to other points of error raised by the Plaintiff in this appeal.